# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

McKINLEY JACKSON,

            Petitioner,        :       Case No. 2:26-cv-00232

  - vs -                   District Judge Algenon L. Marbley
                             Magistrate Judge Michael R. Merz

TJ MARTIN,  WARDEN,
 Noble Correctional Institution,

                                 :
           Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought *pro se* by Petitioner McKinley Jackson to obtain relief from his conviction in the Lake County Court of Common Pleas and consequent imprisonment in Respondent's custody.  The case is ripe for consideration on the merits on the Petition (ECF No. 3), the State Court Record (ECF No. 6), Respondent's Return of Writ (ECF No. 7), and Petitioner's Traverse (ECF No. 11).

**Litigation History**

On March 14, 2022, the Lake County Grand Jury handed down an indictment charging Jackson with one count of Attempted Murder in violation of Ohio Revised Code §§ 2923.02 and 2903.02(A), (Count 1); two counts of Felonious Assault in violation of Ohio Revised Code §§ 2903.11(A)(1) and 2903.11(A)(2), (Counts 2 & 3); and one count of Tampering With Evidence in

1

violation of Ohio Revised Code § 2921.12(A)(1), (Count 4). Counts 1-3 included Repeat Violent

Offender Specifications. (Indictment, State Court Record, ECF No. 6, Exhibit 1; PageID 47-49).

The Indictment alleges offenses committed against the person of Moea Troche also known as

Moea M. Knighten or tampering with evidence of those offenses on November 13, 2021. *Id.*

Already at arraignment, Jackson was represented by Assistant County Public Defender Mary

Springer (Entry, State Court Record, ECF No. 6, Ex. 2).

Within two weeks of the arraignment, the State offered Jackson a plea agreement under

which he would plead guilty to Count Two with the attached repeated violent offender

specification and all other charges would be dismissed.  That agreement was reduced to writing

and appears at State Court Record, ECF No. 6, Ex. 3.  The plea colloquy was conducted on March

31, 2023, the week before the case was scheduled for trial, by Judge Patrick Condon who was

substituting for the assigned judge that day (Transcript, State Court Record, ECF No. 6, PageID

371 *et seq*.).  During that hearing he answered that he was satisfied with the advice and counsel of

his attorneys. *Id.* at PageID 386.  Jackson admitted that he had stabbed the victim in the throat,

resulting in her hospitalization. *Id.* at PageID 388.  Jackson signed the written plea agreement.

Judge Condon found the guilty pleas were knowing, intelligent, and voluntary and accepted them.

*Id.*

About six weeks later on May 16, 2022, Judge Lucci, the regularly assigned judge, held a

sentencing hearing at which he read into the record the text of a letter he had received from

Jackson:

> I, McKinley Jackson, am writing you in regards to my case set for
> sentencing because I took a plea deal, because I chose to listen to
> my attorney who told me that I would not be getting more than five
> years. She also felt that we wouldn't win the case. I wish to remove

2

> her as my attorney and take back my plea. She didn't want to collect evidence in my favor, so I felt forced to plea out. Thank you for your time, McKinley Jackson.

(Transcript, State Court Record ECF No. 6, PageID 403). Jackson indicated he wanted to pursue withdrawal of his guilty pleas because

> There was nothing done on my behalf. . . . Nothing. There was no fingerprints taken from anything. Nothing was done. They haven't taken video to find out who planted the knife or scissors. Nothing was done on my behalf to prove that I didn't do anything.

*Id.* at PageID 403. Attorney Springer denied she had made any promise of five years and asserted

> We went over the extensive amount of evidence that was provided from the State, including things like DNA, videos and everything like that.

*Id.* at PageID 404. Judge Lucci allowed her time to talk to Jackson but warned

> I want you to make sure that he understands that I don't take pleas on the same case from the same person more than once. . . . So that if I allow him to withdraw his plea, he'll go to trial on the original indictment, and I will never take a plea from him on this case again.

*Id.* at PageID 404-05.

After a recess for counsel consultation, Jackson said he did not want to pursue withdrawal of the guilty pleas. *Id.* at PageID 406. Arguing in mitigation, Attorney Springer asserted Jackson has periods of memory loss as confirmed by a medical expert and one of those occurred during the crimes such that Jackson had no memory of what happened. *Id.* at PageID 408. Jackson personally confirmed what Attorney Springer had said and in particular that he had no memory of the incident. *Id.* at PageID 410.

Responding, the prosecutor mentioned Jackson's multi-state conviction record for serious felonies and his drinking problem and argued the blackout problem raised the risk to the

community from Jackson. He mentioned monitored calls from Jackson to relatives while in jail admitting the offense. Judge Lucci then sentenced Jackson to the prison term he is now serving (Judgment Entry, State Court Record, ECF No. 6, Ex. 5).

On June 17, 2022, Jackson appealed to the Eleventh District Court of Appeals. *Id.* Ex. 6. On appeal he was represented by new counsel from the Ohio Public Defender's Office. He raised two assignments of error:

> **Assignment of Error I:**
>
> The trial court erred by coercing Mr. Jackson to withdraw his motion to withdraw his plea by stating a blanket policy against accepting a plea after a plea withdraw.
>
> **Assignment of Error II:**
>
> The trial court erred when it sentenced Mr. Jackson to an indefinite sentence under the unconstitutional Reagan Tokes Law.

(Appellant's Brief, State Court Record, ECF No. 6, Ex. 7, PageID 74-75).

The Eleventh District reversed and remanded. *State v. Jackson*, 2023-Ohio-762 (Ohio App. 11th Dist. Mar. 13, 2023). It concluded that the trial court's blanket policy of not accepting a guilty plea after a prior guilty plea was withdrawn effectively coerced the guilty plea. *Id.* at ¶ 20.

Represented by new counsel, Alison Breneman, Jackson renewed his motion to withdraw the guilty plea on August 4, 2023, for "these reasons[1] and the fact that he received additional discovery after he pled guilty to the charges against him". (Motion, State Court Record, ECF No. 6, Ex. 11, PageID 142). The same day Attorney Breneman filed a plea of not guilty by reason of insanity (State Court Record, ECF No. 6, Ex. 12).

On September 12, 2023, the trial court in the person of Judge Condon held a hearing on

---

[1] The only reason adverted to is that the prior plea had been coerced by Judge Lucci.

4

Jackson's motion to withdraw.  As part of that hearing the prosecutor described the nature of the

discovery provided after the plea:

> [W]e received medical records from Lake Health on April 20th. We
> subpoenaed those on March 11th. And when we got those, we
> immediately gave those to defense counsel because the State does
> still have an ongoing obligation to provide discovery whether we
> receive it after the fact or not. It was the same information that was
> provided in the 356 pages of the Metro Health records, as well as
> the disks and everything that were provided. There was nothing new
> in that and had there been, then Defense counsel would have brought
> that to the Court's attention. The other was that there were two 1996
> police reports that dealt with convictions that he had on his repeat
> violent offender specification. All the information about those priors
> had already been provided.  So this is duplicative in nature, but the
> State had an obligation to provide that, so we did.
>
> What I'm hearing today is different, though. What I'm hearing today
> is that there was some sort of a disk that was provided to the
> defendant through giving it to the jail and then ultimately to the
> defendant. We didn't make disks. We didn't provide disks that way.
> Ours was uploaded. The disk would have been something that was
> put together by defense counsel and I have absolutely no idea what
> was on that disk, so I'm not really quite sure how to respond to that
> portion of it and what it is on that disk that would have changed the
> defendant's mind.

(Transcript, State Court Record, ECF No. 6, PageID 447-48).

Asked why what was on the disk was exculpatory, Attorney Breneman responded

> My client is claiming that there are inconsistencies in the knife,
> that there's inconsistencies in the pictures as to the scene and how it
> was described by counsel.

*Id.* at PageID 449.

Jackson then testified that after pleading guilty, he saw pictures of the scene of the crime

on the disk that he had not seen before which is why he sent the letter to withdraw his plea. *Id.* at

PageID 452-53.  He continued to believe he had received ineffective assistance of trial counsel

because

> I wanted them to do a background check on this victim to see if possibly she had tried this with somebody else or even had suicidal tendencies. They didn't do none of that. I told them to take fingerprints off a can that they claim had my DNA on it and I told them that I gave that boy that can outside and I never went up in his apartment, but they didn't want to hear none of that. And then on the disk I got to see the crime scene as I as reading the police reports and their findings were that there was no footprints at the scene of the crime, in the hallway, in the stairway, downstairs, outside, or wherever they had found the knife with scissors. And so from after two – two hours of looking at all that, I decided that I wanted to take my plea back because their stories wasn't -- the evidence wasn't supporting their story.

*Id.* at PageID 454-55. Jackson confirmed that Judge Lucci had given him time to discuss the evidence on the disk. After that discussion he had told Judge Lucci he wanted to go forward with sentencing. *Id.* at PageID 461.

The State called both Attorney Springer and Attorney Blake at the withdrawal hearing. Judge Condon found Jackson had waived attorney-client privilege by accusing them of ineffective assistance of trial counsel. Ms. Springer testified she had police reports, photographs, and videos provided by the State in discovery printed out and took them to the jail to go over with Jackson. *Id.* at PageID 474. As to the various pieces of evidence that Jackson wanted to question (e.g., bloody footprints, DNA, lengthy screenshots), she testified she discussed those with Jackson before the plea. *Id.* at PageID 479. She testified there was nothing exculpatory in the supplemental discovery she received in April and May. *Id.* at PageID 484.

Melissa Blake testified she had first represented Jackson in 2011 or 2012 in a prior felony case. *Id.* at PageID 522. She became involved in this case as a result of a call from Jackson in late March, 2022. She basically confirmed Attorney Springer's testimony and that Jackson's decision to relinquish his motion to withdraw his plea was made before Judge Lucci's comments that brought the reversal (Entry, State Court Record, ECF No. 6, Ex. 14).

6

Jackson again appealed, changing attorneys yet again, raising as his sole assignment of error that the trial court erred in denying his presentence motion to withdraw his guilty plea (Appellant's Brief, State Court Record, ECF No. 6, Ex. 17, PageID 238).  This time the Eleventh District affirmed.  *State v. Jackson,* 2024-Ohio-2599 (Ohio App. 11th Dist. Jul. 8, 2024).  The Ohio Supreme Court allowed a delayed appeal but then declined to exercise jurisdiction.  *State v. Jackson,* 177 Ohio St.3d 1413 (2025).

Jackson then filed *pro se* his Petition in this Court on February 25, 2026, pleading the following single ground for relief:

> **Ground One:** The trial court violated the Petitioner's Due Process Rights by denying Appellant's presentence motion to withdraw his guilty plea without granting the Petitioner an Evidentiary Hearing to test his newly discovered evidence
>
> **Supporting Facts:** Ineffective assistance of counsel rendered The Petitioner's guilty pleas unknowingly, unintelligently, and involuntarily where counsel failed to inform the Petitioner of exculpatory evidence and failing to provide him with, and review discovery with him including a disk he received after his guilty plea containing photographs of the crime scene that proved the Petitioner did not commit the offenses. The Petitioner, who has serious memory issues and did not remember having committed the offenses, entered his guilty plea assuming the State's evidence and witnesses showed he did commit the offenses during a time the Petitioner could not remember. However, upon reviewing the disk that he was given in the county jail after he entered his guilty plea, and as a result of the exculpatory evidence on the disk, the Petitioner realized the reason he could not remember having committed the offenses was he is actually and factually innocent and did not commit the offenses.

(Petition, ECF No. 3, PageID 28).

# Analysis

Although Jackson collapses his argument into one pleaded ground for relief, federal courts

7

are bound to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge reads the Petition as raising two claims. First Jackson asserts he was denied procedural due process when the trial court denied him an evidentiary hearings on the evidence he received from the State through his attorneys after the plea. Second, he asserts Attorneys Springer and Blake provided ineffective assistance of trial counsel which rendered his guilty plea invalid. These two claims are analyzed separately below.

**Claim One: Denial of Due Process**

As the Magistrate Judge understands it, Jackson claims the State denied him procedural due process when it refused to grant him an evidentiary hearing on the evidence he received after plea.

This claim is contrary to fact as shown by the record. On remand he was granted a hearing on his renewed motion to withdraw, a hearing at which evidence was taken. At that hearing he was represented by Attorney Breneman, apparently an attorney of his own choosing. Attorneys Springer and Blake were extensively examined on the new evidence and their discussion of it with Jackson. Both offered the professional conclusion that there was nothing exculpatory in it. Attorney Breneman offered no competing analysis of that evidence and no additional evidence to show Jackson's innocence.

In attempting to rebut his counsel's claim that there was nothing exculpatory, Jackson cites a

> Fairport Harbor Police Incident Report Form, No 21-003312; Doc#_, page_, PAGE ID#_.) The knife was found behind a fence in the backyard *(Id.,* page 12, Fairport Harbor Police Incident Report Form, No. 21-003312; Doc #_, page_, PAGE ID#_.)

Traverse, ECF No. 11, PageID 628.  Note that Jackson provides no reference to the State Court Record because these items are not in the State Court Record.  Nor does he provides any citation to any place in the record in this Court where they have been offered into evidence.  Because they are not part of the State Court Record, this Court cannot consider them.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

If Jackson's claim amounts to an assertion he was entitled to withdraw his guilty plea and have a new trial at which that new evidence was weighed with the other evidence already presented, he is making a claim not recognized in habeas corpus.  Federal habeas corpus is available only to correct federal constitutional violations.  *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  Moreover, the constitutional law which is violated must be clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown* v. *Davenport*, 596 U. S. 118, 135 (2022); *Klein* v. *Martin*, 607 U. S. 213, 220–221 (2026) (*per curiam*); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  There is no federal constitutional right to a new trial based merely on a defendant belief that he has new exonerating evidence.  *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).

Jackson's Due Process claim should therefore be dismissed with prejudice.

**Claim Two:  Ineffective Assistance of Trial Counsel**

Jackson also claims he received ineffective assistance of trial counsel in that Attorneys Springer and Blake failed to review with him the discovered evidence sent to him at the jail after his plea.  Jackson raised this ineffective assistance of trial counsel claim on appeal from denial of the motion to withdraw.   In deciding that claim, the Eleventh District relied principally on *Strickland, State v. Jackson, supra, at* ¶¶ 34-43.  The appellate court noted that the trial judge had found Attorneys Springer and Blake more credible than Jackson and that appellate courts give great weight to credibility determinations of judges who actually heard and saw the witnesses.  *Id.* at ¶ 42.

Habeas courts are required to defer to state court factual determinations unless they are overcome by clear and convincing evidence.  28 U.S.C. § 2254(d)(2).  Jackson has not done so on the question of whether his counsel reviewed this post-plea evidence with him.  Nor has he overcome their evaluation of that evidence as providing nothing exculpatory.

Jackson's claim that he received ineffective assistance of trial counsel should also be dismissed with prejudice.

**Conclusion**

At the end of his Traverse, Jackson writes

> Finally, although Jackson does not need to overcome any procedural bar, the evidence the State, the State courts, and now the Respondent, so strenuously endeavor to avoid proves beyond argument that Jackson is actually and factually innocent; not only of the charge to which he plead guilty, but to all of the offenses charged in the indictment.

(Traverse, ECF No. 11, PageID 638).  Jackson makes no attempt to square this claim with his

10

admission under oath at the plea colloquy that he stabbed the victim in the throat (Transcript, State Court Record, ECF No. 6, PageID 388). This blatant contradiction does nothing to bolster Jackson's credibility with the Court.

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 4, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections[2] to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[2] At the very outset of his Traverse, Jackson writes "the Magistrate's Report and Recommendation is incorrect and should not be adopted by the Court" even though no Report had been filed. This pre-Report objection doe not satisfy the obligation to object.

11